---

(5 App. Div. 151.)

## HOES v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. TRIAL—INSTRUCTIONS.
   Where there was a conflict of testimony as to whether plaintiff's fall from defendant's car occurred at a certain corner of the street, or a block beyond, a statement of the court, in calling the attention of the jury to the conflict, that such conflict "is, in effect, that, according to the testimony on either side, they are speaking of entirely different occurrences," was not misleading; there being no dispute that, wherever the accident occurred, it happened to plaintiff on defendant's car.

2. VARIANCE—ALLEGATION AS TO TIME.
   In an action for personal injuries, where there was no dispute that the accident testified to by witnesses on both sides was an accident to plaintiff, which occurred by falling from defendant's car at some point on a certain street, proof that the accident happened several days earlier than the date alleged in the complaint was immaterial.

3. SAME—CREDIBILITY OF WITNESS.
   A charge that defendant's conductor, through whose alleged negligence plaintiff was injured, is an interested witness, "just as the plaintiff is interested,"—the jury having previously been told that they were not bound to believe plaintiff's testimony, though it was not contradicted or impeached,—is not erroneous. Uransky v. Railroad Co. (Sup.) 13 N. Y. Supp. 670, distinguished.

Appeal from circuit court, New York county.

Action originally brought by one Spinoza against the Third Avenue Railroad Company to recover damages for personal injuries. The original plaintiff having died, William Hoes, public administrator, was substituted in his stead. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William N. Cohen, for appellant.
Joseph I. Green, for respondent.

RUMSEY, J. The action was brought by one Spinoza to recover damages which he suffered by the negligence of the defendant, in being thrown from a car from which he was alighting. The action was tried during his life, and resulted in a verdict for the plaintiff, upon which a judgment was entered. After a notice of appeal had been served upon him, he died, and, letters of administration hav-

ing been issued to the public administrator, he was substituted as plaintiff. The defendant relies for a reversal upon certain errors, which will be considered in the order in which they have been referred to by the appellant.

It appeared from the testimony of the plaintiff that the accident happened when he was about to debark from a car of the defendant upon which he was riding. He said that as he was about to get off of the car, which had stopped, the conductor, without giving him an opportunity to alight, started the car so as to throw him down, and, as the result, he fell upon the ground and broke his leg. He says that the accident occurred at 125th street and Second avenue. His testimony as to the place where it occurred was corroborated by his own witnesses, all of whom say that it was at that place that they saw him hurt, and that he was thrown from the car. The witnesses sworn on behalf of the defendant all testify that they saw this particular accident. They identify the plaintiff as the man who fell from the car, all of them being positive in their identification, and they swear that the accident occurred at the corner of 125th street and First avenue. The case was submitted to the jury, and, in the charge of the learned judge, he, calling the attention of the jury to the fact that there was a conflict of testimony, which it was for them to decide, used this expression: "Now, what is the conflict in this case? It is, in effect, that, according to the testimony on either side, they are speaking of entirely different occurrences." To this phrase of the court an exception was taken by the counsel for the defendant, and that exception is now relied upon as fatal error. We cannot see that it was of the slightest importance. The court explained immediately afterwards just what he meant by that phrase, and there is no doubt he told the jury exactly what the fact was with regard to it; that the plaintiff's witnesses spoke of something that happened at Second avenue and 125th street, and the defendant's witnesses spoke of something that happened at First avenue and 125th street, which was exactly according to the testimony. There was no dispute between the witnesses that, wherever the accident happened, it happened to the plaintiff, and it happened with regard to the car of the defendant, and the only importance of the testimony as to the place where it happened was as it tended to contradict or corroborate the witnesses who differed upon that point. But it was proper for the court to call the attention of the jury to that conflict, and he did it in such a way as not to mislead, and to bring them to an investigation of the precise question which it was necessary for them to examine.

The next error is predicated upon what is said by the court with regard to the interest of the conductor. It appears that the conductor of whom he was speaking was the conductor upon the car from which it is charged that the plaintiff fell, and whose negligence the plaintiff claimed was the cause of the accident. To that fact the court had called the jury's attention. He had said also that the jury were not bound to believe the testimony of the plaintiff, even though it were not contradicted or impeached. When he came to call their attention to the testimony of the conductor, he told the

jury that he might be considered a witness interested "just as the plaintiff is interested, because the conductor, although not sued here for damages, is still charged with being the proximate or immediate cause of the damage for which his employer was sued. The conductor may be regarded as an interested witness." We can see no error in this charge. The conductor was an interested witness; not because he had any pecuniary interest in the result of the action, but because he took part in the transaction, and was undoubtedly charged with negligence in bringing about the injury to the plaintiff. That made him an interested witness, and rendered the weight to be given to his testimony fairly a question for the jury. When the court told the jury that he was an interested witness, just as the plaintiff was interested, it was not necessarily saying to them that his testimony was to be governed by the same rule as that which was applicable to the plaintiff. It was simply saying to them, in effect, that the conductor was in the class of interested witnesses, just as the plaintiff was. That was perfectly correct and true, and if the counsel desired any further explanation to the jury as to the weight to be given to the testimony of the conductor, as distinguished from that of the plaintiff, he should have asked for it; and, as he did not, he cannot complain that it was not given. But the rule with regard to the testimony of the plaintiff, that the jury were not bound to believe it, although it was not contradicted or impeached, was properly applicable also to the conductor; and in that view he was interested precisely as the plaintiff was, and the same considerations were to apply to his testimony as to that of the plaintiff. The interest which will authorize the jury to refuse to receive testimony of a witness is not solely a pecuniary interest in the result. In an action for injuries, the person directly charged with the injuries, although he may not be the defendant, is so interested that the jury may be at liberty to disbelieve his testimony, although it is not otherwise impeached or contradicted. Wohlfahrt v. Beckert, 92 N. Y. 490. Within this rule, the charge was correct. The case of Uransky v. Railroad Co. (Sup.) 13 N. Y. Supp. 670, is not adverse to this conclusion. In that case the court had charged the jury that the defendant's employés were not disinterested witnesses, and that their evidence should be subjected to as severe a criticism as the plaintiff's. The court held that that charge was erroneous, but the distinction between that charge and this is quite clear. In this case the court laid down no rule with regard to the conductor which was not justified by the law.

There was a dispute in the testimony whether the accident occurred on the 16th or the 28th of October. It was alleged in the complaint that it occurred on the 28th, and such was the testimony of the witnesses for the plaintiff, while the testimony of the witnesses for the defendant was that it happened on the 16th of October. The court was asked to charge that the plaintiff must satisfy the jury that the injury occurred on the 28th of October by the negligence of the defendant. This the court declined to do, and the defendant excepted. This exception, as we think, was not well taken. The court had called attention to the discrepancy in the

testimony in that regard, and had directed them that the question was whether the injury occurred substantially in the way in which the plaintiff testified that it did.   The time at which the injury occurred, while it was material as tending to corroborate or contradict the witnesses who testified with regard to the transaction, was not otherwise important.   The plaintiff was entitled to recover if he proved an accident which caused his injury at any time before the time alleged in the complaint.   Dubois v. Beaver, 25 N. Y. 123. For that reason the court was right in saying that the plaintiff was entitled to recover whether they believed that the accident happened on the 16th or the 28th of October.   It must be remembered that there was no dispute that the accident sworn to by all the witnesses—those of the defendant as well as those of the plaintiff—was an accident to the plaintiff, which occurred to him by falling off the car of the defendant's road somewhere on 125th street.

It is claimed that there was not sufficient evidence to warrant the jury in finding that the accident occurred because of the defendant's negligence.   We have examined the testimony, and we think it was quite clear that the jury would have been authorized to find, upon the whole case, as it seems they did find, that the man was injured practically as he says he was,—because the conductor started the car before he had an opportunity to get off of it.

The judgment and order must be affirmed, with costs.   All concur.