action or special proceeding of which it has jurisdiction into any district or part of the city of New York for service of execution and to enforce obedience thereto, and such process * * * may be served in any district or part of the city of New York as constituted by this act," a marshal of the borough of Manhattan has authority to arrest a person in the borough of Brooklyn on execution against the body issued by a municipal court of Manhattan on a judgment which it had jurisdiction to enter.

Proceeding by the people, on the relation of one Bicinelli, against one Dunn, for habeas corpus. Writ dismissed, and relator remanded.

Keiley & Haviland, for petitioner.
Leopold W. Harburger, for respondent.

FREEDMAN, J. The question whether or not the summons was duly served is not available on habeas corpus. Prima facie proof of service by a marshal having been made, the remedy is by motion in the court out of which the summons issued. Whether or not the relator was lawfully arrested in Brooklyn by a marshal of the borough of Manhattan under and by virtue of an execution against his body, issued upon a judgment recovered in a municipal court sitting in the borough of Manhattan, depends upon the provisions of the charter of Greater New York. Section 1358 provides that the several boroughs composing the city of New York are divided into districts, in each of which sessions of the municipal court created by said charter shall be held. By sections 1359–1363 it is provided that the borough of the Bronx shall have two districts; the borough of Manhattan, eleven; the borough of Brooklyn, five; the borough of Queens, three; and the borough of Richmond, two. And section 1368 provides:

"The municipal court in any district shall have power to send its process and other mandates in an action or special proceeding of which it has jurisdiction, into any district or part of the city of New York for service of execution, and to enforce obedience thereto, and such process and mandates may be served in any district or part of the city of New York, as constituted by this act."

Under this section I am bound to hold that, inasmuch as the court below had jurisdiction to render the judgment upon which the execution in question was issued, the marshal had the right under it to take the body of the relator in the borough of Brooklyn. The writ must be dismissed, and the relator remanded.

---

(25 Misc. Rep. 187.)

IRWIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    November 10, 1898.)

1. COURTS—CONSTITUTIONAL LAW—MUNICIPAL COURT OF NEW YORK.
    Const. art. 6, § 18, provides that the legislature shall not confer on an inferior local court of its creation any greater jurisdiction than is conferred on county courts by the article; section 14 provides that county courts shall have the power possessed at the adoption of the constitution, and original jurisdiction for recovery of money, etc., where defendant resides in the county; Code Civ. Proc. § 341, provides that a domestic corporation actually located within a county is deemed a resident of the

county; Greater New York Charter, §§ 1358, 1364, divide the boroughs composing the city into districts, and specify the district in which municipal courts shall be held; section 1370, subd. 2, provides that, if defendant be a corporation, action must be brought in a district in which plaintiff resides, or in which defendant transacts business, or has an office or agency; and subdivision 4 provides that, if action is not brought in the proper district, it may be tried where brought, unless transferred on motion of defendant. *Held,* the jurisdiction of a municipal court over a defendant corporation being expressly limited to a corporation resident in a borough, which, under the charter (section 2), consists of the whole or part of the county, that the provisions of the charter are not in excess of legislative authority, as extending the dominion of the municipal court over more than one county.

2. TRIAL—CREDIBILITY OF WITNESSES—INSTRUCTIONS.

Where no charge was given or asked as to the function of the jury in weighing evidence and passing on the credibility of witnesses, the court properly refused to charge that the jury could disregard entirely a party's testimony because he was interested, since they should not disregard it without weighing it and considering it in connection with the other evidence.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Robert C. Irwin against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John T. Little, for appellant.
Daniel S. Decker, for respondent.

GIEGERICH, J. This action was brought to recover damages claimed to have been sustained by the plaintiff in consequence of the alleged premature starting of a car operated by the defendant company, and upon which he was a passenger, while he was in the act of alighting therefrom. The pleadings were oral, and the answer a general denial. When the case was called for trial the defendant moved for a dismissal of the complaint upon the ground that the court had no jurisdiction over the subject-matter of the action, in that the legislature, in creating the municipal court of the city of New York, had exceeded its constitutional authority, in attempting to extend its dominion over more than one county; and an exception was taken to the denial of the motion. This contention is based on section 18 of article 6 of the revised constitution, which, so far as it affects the question under consideration, is as follows:

"Inferior local courts of civil and criminal jurisdiction may be established by the legislature, but no inferior local court hereafter created shall be a court of record. The legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article."

And the province of a county court is provided for in section 14 of the same article, viz.:

"County courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint de-

mands judgment for a sum not exceeding two thousand dollars. The legislature may hereafter enlarge or restrict the jurisdiction of the county courts, provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant."

Defendant's insistence, therefore, is that the above-cited provisions of the constitution are contravened by the following section (1368) of the Greater New York charter:

"The municipal court in any district shall have power to send its process and other mandates in an action or special proceeding of which it has jurisdiction, into any district or part of the city of New York for service or execution, and to enforce obedience thereto, and such process and mandates may be served in any district or part of the city of New York, as constituted by this act."

This section, except as to name and territorial designation, is synonymous with section 347 of the Code of Civil Procedure, which prescribes:

"A county court has power, in an action or special proceeding of which it has jurisdiction, to send its process and other mandates into any county of the state, for service or execution, and to enforce obedience thereto, with like power and authority as the supreme court."

These provisions being in force when the revised constitution was adopted, it may be assumed that, by continuing the county courts with the powers and jurisdiction they then possessed (Const. 1896, art. 6, § 14), it was intended, subject to change or alteration by the legislature, to retain in them the powers so conferred. While the purpose of the above constitutional provisions relative to county courts was to deprive them of jurisdiction as against a nonresident defendant (Weidman v. Sibley, 16 App. Div. 616, 619, 14 N. Y. Supp. 1057), yet a careful reading of section 347 of the Code renders it clearly apparent that, if the defendant be a resident of the county wherein the action is brought, the court may send its process or other mandate into another county for service or execution upon him. Therefore the only logical conclusion that can be drawn from these acts is that any process or mandate issued by the municipal court held in the borough where the defendant resides may be served or executed in any district or part of the city. People v. Dunn (Sup.) 54 N. Y. Supp. 194. In the case just cited the judgment was recovered in the municipal court sitting in the borough of Manhattan, and the defendant arrested in the borough of Brooklyn upon an execution issued against his person. Mr. Justice Freedman there held that:

"Inasmuch as the court below had jurisdiction to render the judgment upon which the execution * * * was issued, the marshal had the right under it to take the body of the relator in the borough of Brooklyn."

However, the question presented for solution in the case under consideration is not whether any process issued by the municipal court of the city of New York can be enforced in a borough other than the one wherein the action was brought, but whether the court below had jurisdiction of the defendant, as well as of the subject-matter of the action. In construing the creative act,—Greater New York Charter (Laws 1897, c. 378, tit. 2, c. 20),—the intention of the legislature is

deducible only when taken in its entirety, and the respective parts compared together, and not from detached and isolated expressions thereof. In re New York & Brooklyn Bridge, 72 N. Y. 527; People v. McGloin, 91 N. Y. 241; Kent, Comm. (13th Ed.) marg. p. 462; Black, Interp. Laws, p. 166. Section 1358 of the Greater New York charter provides for the division into districts of the several boroughs comprising the city, and the next five sections specify the districts wherein sessions of the municipal court shall be held. According to the second subdivision of section 1370, "if the defendant be a corporation created by law," the action must be brought "in a district in which the plaintiff, or either of the plaintiffs reside, or in which (if it be a corporation) it transacts its general business or keeps an office or has an agency established for the transaction of business or is established by law"; and the fourth subdivision of the same section provides:

"If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon demand of the defendant made upon or before the joinder of issue, in writing or in open court, followed by the consent of the plaintiff, given in like manner, or the order of the court. The demand must specify the district to which the defendant requires the action to be transferred. The court must take such order when the district in which the action or proceeding is brought is not the proper district, as specified in this section or the next one if such demand be made."

For the purpose of determining the jurisdiction of a county court, section 341 of the Code of Civil Procedure provides that:

"A domestic corporation or joint-stock association, whose principal place of business is established by or pursuant to a statute, or by its articles of association or is actually located within the county, is deemed a resident of the county."

It would seem from these various provisions that if the defendant is a corporation transacting its general business, or keeping an office or an agency for the transaction thereof, or is established by law, in the borough where the summons was served upon it, the municipal court, sitting in a district of such borough, either where the plaintiff resides or the defendant transacts business, has civil jurisdiction, provided, of course, that the cause be one enumerated in section 1364 of the Greater New York charter. Moreover, as the jurisdiction of the said court over a defendant corporation is expressly limited to a corporation resident within a borough, which, according to section 2 of said charter, consists of the whole or part of a county, it is apparent that in enacting the above-cited provisions the legislature did not exceed its constitutional power. In the case at bar the defendant was served with a copy of the summons in the borough of Manhattan, where plaintiff was injured while riding upon one of the defendant's cars. No pretense is made by defendant that it does not transact its general business, or keep an office for the transaction thereof, within that borough; nor is any claim made that the action was not brought in the proper district. It must therefore be held, under all these circumstances, that the action was brought and tried in the proper borough, which is embraced within the county of New York,

and that the court had duly acquired jurisdiction over the defendant. Likewise, the action being one for the recovery of damages for a personal injury, the court had jurisdiction of the subject-matter. Greater New York Charter, § 1364, subd. 2.

At the trial there was a sharp conflict of testimony respecting the cause of the accident. At the conclusion of the court's charge, the plaintiff having during the trial testified in his own behalf, the defendant requested the justice to instruct the jury that they "may disregard entirely the plaintiff's testimony, inasmuch as he is an interested witness (that is, the plaintiff himself)"; and, upon the court's declination, an exception was noted. The trial justice, in his colloquial charge, had not instructed the jury with respect to their function in weighing evidence and passing upon the credibility of the witnesses, nor did the counsel for the defendant subsequently make any request upon the subject; so that there was nothing to mitigate or qualify the natural meaning of the language used,—that the jury might reject, without weighing, the evidence given by the plaintiff, simply because he was interested. Disbelief of the witness alone would authorize such rejection. Interest is but a factor, though an important one, in the process of reaching a conclusion on the question of credibility. While it is undoubtedly true, as stated in the cases cited by the defendant (Hoes v. Railroad Co., 5 App. Div. 151, 39 N. Y. Supp. 40; Posthoff v. Schreiber, 47 Hun, 595, and cases therein referred to), that the jury are at liberty to disbelieve the testimony of a party litigant, even the most diligent research fails to disclose any authority which goes to the extent of holding that they are at liberty to entirely disregard such testimony, without first considering it in connection with the other evidence. On the contrary, in Elwood v. Telegraph Co., 45 N. Y. 549, cited in one of the cases referred to by the defendant, and which is a leading case on the subject, it is expressly announced that the testimony of a party litigant must be considered by the jury, and weighed by them in the light of the surrounding circumstances. The court, speaking through Rapallo, J., in adverting to the uncontradicted testimony of a witness, said (page 554):

"It is often a difficult question to decide when a witness is, in a legal sense, uncontradicted. He may be contradicted by circumstances as well as by statements of others contrary to his own. In such cases courts and juries are not bound to refrain from exercising their judgment, and to blindly adopt the statements of the witness for the simple reason that no other witness has denied them, and that the character of the witness is not impeached."

It might at first sight be urged that the case of Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602, supports the defendant's contention; but Brown, J., in delivering the opinion of the court, said:

"* * * The burden was thus cast upon the plaintiff to show that he was a bona fide purchaser. This burden the plaintiff met by his own evidence as to the circumstances attending the purchase, and his knowledge of the party from whom he obtained it; and the credibility of his testimony was for the jury to determine."

In Burnett v. Harris, 50 Barb. 379, it was held that the testimony of parties is to be weighed by the same rules, substantially, as

that of other witnesses, and that only where there is a difference should the testimony of parties in their own favor be more carefully scrutinized. The court in People v. O'Neil, 109 N. Y. 251, 266, 16 N. E. 68, refused to charge that if the jury should find certain witnesses had, in their previous testimony, committed willful perjury in respect to the same matter, they should wholly disregard the testimony given on the trial. This was held not to be error; and Mr. Justice Andrews, in defining the force of section 714 of the Penal Code, said:

"It would be manifestly absurd, in the light of the statute, now to hold that an unconvicted perjurer was an incompetent witness, whose evidence could not be considered by the jury, when, under the statute, if he had been convicted, his evidence must be received and weighed by the jury. In view of the present statute, whatever doubts may have heretofore existed, the true rule is that stated by Judge Denio in Dunn v. People, 29 N. Y. 529,— and which was followed in the trial of this case,—that the testimony of a witness who has committed perjury in the same matter on a prior occasion, whether the perjury is established by a conviction or by his confession, or is found by the jury, must be considered by the jury in connection with the other evidence, under such prudential instructions as may be given by the court, and subject to the determination of the court having a jurisdiction to grant new trials in the cases of verdicts against evidence."

It is thus apparent that the trial justice committed no error in refusing to charge as requested. Had the defendant desired an instruction upon the credibility attaching to plaintiff's testimony, it should have requested the court to charge that in determining the weight to be given thereto the jury should consider that in connection with the other evidence, and, after considering his interest in the result of a verdict, allow it whatever weight, in their judgment, it was fairly entitled to. Instead of so doing, the defendant substantially asked the court to instruct the jury that they were at liberty to entirely exclude such testimony from their consideration. This certainly could not be done without violating the established rule that a jury cannot be instructed to absolutely disregard the testimony of a party or a witness, but must, on the contrary, be told that the question of the credibility of a witness is for them to consider in connection with the other evidence.

A most thorough examination of the record satisfies us that the rulings of the trial justice were in all respects correct, and that, in view of the nature of the accident, the amount of damages awarded by the jury is not excessive. The judgment should therefore be affirmed, with costs.

BEEKMAN, P. J., and GILDERSLEEVE, J. We concur, but, with respect to the constitutional point raised, in the result only.