MATTHEW I. Fox, Appellant, *v.* MANHATTAN RAILWAY COMPANY, Respondent.

*Credibility of witnesses.*

In an action to recover damages for personal injuries which the plaintiff, who was a passenger upon the fourth car of one of the defendant's elevated trains, claimed to have sustained while alighting from the rear platform of that car, in consequence of the action of the guard in charge thereof in prematurely giving the signal to start the train, the guard testified that before the plaintiff reached the gate on the rear platform of the fourth car the gate on the front platform of the fifth car had been closed; that the plaintiff left the car in safety and that the accident resulted from his slipping on the platform.

A passenger, who was riding in the fourth car, testified that he saw the plaintiff leave it and heard the gate slam; that through a side window he saw the plaintiff disappear after the train had moved and after the gate was shut. The witness did not testify that he saw the guard close the gate.

*Held,* that it was error for the court to instruct the jury that if they believed the testimony of the passenger they should find for the defendant — for the reason that if they did not believe the testimony of the guard, who was an interested witness, that the gate on the front platform of the fifth car had been closed before the plaintiff attempted to leave the car, they might find that the gate which the disinterested passenger heard closed was the gate on the front platform of the fifth car.

Where a disinterested witness, in no way discredited, testifies to a fact within his own knowledge and not in itself improbable or in conflict with other evidence, what he testifies to is regarded in law as established, so that it cannot be ignored either by the court or the jury, but where a person, to whose fault or negligence an injury suffered is imputed, seeks to exonerate himself by his own testimony, he is an interested party and his credibility is for the jury.

APPEAL by the plaintiff, Matthew I. Fox, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of December, 1899, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of November, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*John M. Perry,* for the appellant.

*Joseph H. Adams,* for the respondent.

PATTERSON, J.:

The judgment and order denying a motion for a new trial in this case must be reversed for an error of the court in an instruction

given to the jury. The action was brought to recover damages for injuries sustained by the plaintiff which he claimed were occasioned by one of the defendant's servants starting a train from a station before he, the plaintiff, could safely alight therefrom. The evidence on the part of the plaintiff was to the effect that he and a friend who was with him were passengers on a train on the defendant's road and that they desired to leave the train at the station at One Hundred and Fourth street and Eighth avenue in the city of New York. The plaintiff and his friend had been sitting in the car next to the last of the train. Scheibler, the plaintiff's companion on the train, states that he and the plaintiff left the train by the rear platform of the car in which they had been sitting and that they both went out through the same gate. He testified that the train was standing still when he reached the door; that Fox was ahead of him. The plaintiff swore that when he walked out on the platform the guard of the train *had his hands on the handles of the gates of the car;* that when he attempted to leave the platform the car was stationary, but when one of his feet touched the station platform the car started; that he was twisted around and fell upon that platform, his legs getting in the space between the car and the station platform. A witness who was looking from a window of a house near the station corroborates the plaintiff's version and that of Scheibler. On the other hand, Earle, who was the guard of the train and in charge of the car from which the plaintiff descended and of the platform of the rear car attached to it (the last car of the train), testified that when the plaintiff and Scheibler undertook to leave the train he, Earle, had *one hand on the bell cord* ready to give the signal to start, and that he kept that hand upon the cord until both the plaintiff and Scheibler had left the car; that they left from the rear platform of the car, the plaintiff going first and Scheibler behind him. The guard also testified that when the plaintiff and Scheibler reached the gate of the fourth car, the gate on the front platform of the rear or fifth car had been closed, and that the accident happened to the plaintiff by his turning quickly and slipping on the wet platform of the station, and thus he fell into the space between the car and the station platform. The testimony shows that the plaintiff left the train from the rear platform of the fourth car.

The negligence imputed to the defendant, if there were any, con-

sisted in the guard Earle giving the signal by which the train was started before the plaintiff could safely leave. Earle's testimony is that the gate of the front platform of the rear car was closed. The defendant undertook to show by a witness named Chapman that the gate on the platform of the car the plaintiff left was closed after the plaintiff left it. He testified that he was a passenger in that car; that he saw the plaintiff leave it and heard the gate "slam;" that he could see through the side window and saw the plaintiff's body disappear after the train had moved and after the gate was shut, because he heard it "slam." This witness did not testify that he saw the guard close the gate, but his testimony taken in connection with the statement of the guard that the gate of the rear car was closed before the plaintiff left the train, would establish that the "slam" heard was of the gate on the platform from which the plaintiff alighted. In that state of the proof, counsel for the defendant asked the trial judge to instruct the jury that if they believed the testimony of the passenger Chapman their verdict should be for the defendant, and the court so charged, to which an exception was taken by counsel for the plaintiff.

Thus it will be seen that the learned trial judge left to the jury the determination of the whole issues upon the testimony of Chapman alone. That witness did not see what gate was closed when he heard the "slam." But for the testimony of Earle it might well have been that it was the gate of the rear car, the noise of closing which Chapman heard, for Earle testified that there was an interval of but a second or two between the closing of both gates. By the instructions given to the jury, the court took away from them the credibility of Earle. True, that where one who is a disinterested witness, in no way discredited, testifies to a fact within his own knowledge and not in itself improbable or in conflict with other evidence, what he testified to is to be regarded in law as established, so that it cannot be ignored either by the court or the jury. (*Kavanagh* v. *Wilson*, 70 N. Y. 179.) But where a person to whose fault or negligence an injury suffered is imputed and that person seeks to exonerate himself by his own testimony, he is an interested party and his credibility is for the jury. (*Hoes* v. *Third Avenue R. R. Co.*, 5 App. Div. 154; *Schmitt* v. *Metropolitan Life Ins. Co.*, 13 id. 122; *Wohlfahrt* v. *Beckert*, 92 N. Y. 490.)

It was for the jury to say whether they would believe the testimony of Earle that the gate of the last car had been closed before the plaintiff left the train, for if they did not believe that interested witness, then it might have been that Chapman heard the noise of the closing of that gate as the train started, and he may not have heard at all the sound of a subsequent closing of the gate of the platform of the car from which the plaintiff alighted. The plaintiff's right should not have been absolutely disposed of by the testimony of Chapman nor the fate of the case made to depend upon what might be after all only an assumption that the noise of the closing of the gate which Chapman heard was of that on the platform of the car the plaintiff left.

We think, for that reason, that the judgment and order appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event.

HATCH and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.