HARRIS v. FIFTH AVE. COACH CO.

(Supreme Court, Appellate Term.   January 5, 1912.)

TRIAL (§ 210*)—INSTRUCTIONS—"INTERESTED WITNESS."

A chauffeur charged with negligently running his master's taxicab to the injury of a third person who sues the master therefor, is an interested witness, though he has no pecuniary interest in the result of the suit; and the action of the court in refusing to charge that he is an interested witness, and in charging that only those witnesses who are financially interested in the result are interested witnesses within the rule authorizing the jury to refuse to receive the testimony of an interested witness, is error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 493; Dec. Dig. § 210.*

For other definitions, see Words and Phrases, vol. 4, p. 3710; vol. 8, pp. 7691–7692.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Harry A. Harris against the Fifth Avenue Coach Company. From a judgment of the Municipal Court for plaintiff entered on the verdict of the jury, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Arthur K. Wing (Theodore H. Lord, of counsel), for appellant.
Bernard Gordon, for respondent.

SEABURY, J.   The action was brought to recover damages for injuries to plaintiff's taxicab alleged to have been caused by the defendant's negligence.   The question litigated was whether the operator of plaintiff's taxicab or the operator of the defendant's bus was negligent.   This judgment must be reversed because of an error in the charge of the learned court below.

Counsel for the defendant requested the court to charge that the plaintiff's chauffeur was an interested witness, and that he had an interest to clear himself from the charge of negligence.   To this request the court said:   "He is not interested in the financial result of the verdict."   Counsel for the plaintiff then consented that the court should charge as requested by the defendant.   The court then charged as follows:

"I decline to so charge, even though you consent.   Nobody is interested as a witness, unless he is financially interested in the result of the verdict."

To the refusal of the court to charge as requested and to the charge as made the defendant excepted.   The refusal of the court to charge as requested and the charge as made were clearly incorrect.   The plaintiff's chauffeur was charged with operating the taxicab in a negligent manner, and he was therefore an interested witness, even though he had no pecuniary interest in the result of the action.   "The interest which will authorize the jury to refuse to receive testimony of a witness is not solely a pecuniary interest in the result.   In an

action for injuries, the person directly charged with having caused the injuries, although he may not be the defendant, is so interested that the jury may be at liberty to disbelieve his testimony, although it is not otherwise impeached or contradicted." Hoes v. Third Avenue Railroad Company, 5 App. Div. 151, 155, 39 N. Y. Supp. 40, 42.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.