**CHAPMAN, Commissioner of Ins. & Banking, v. BULLOCK et al.    (No. 2789.)**

(Court of Civil Appeals of Texas.    Texarkana. June 21, 1923.)

1. Attachment ⬸314—Personal judgment for intervener held erroneous.

In suit on note, wherein cotton belonging to defendant maker was attached, and an intervener claimed laborer's lien on the cotton un-

der Vernon's Sayles' Ann. Civ. St. 1914, arts. 5644, 5645, 5646, it was error to render judgment for intervener against plaintiff personally for the amount of intervener's claimed lien, and also foreclosing his lien on the cotton; for, as respects personal judgment, intervener was entitled to such relief against defendant maker alone.

2. Trial ⬸140(2)—Testimony of two interested witnesses held to present question of credibility for jury notwithstanding absence of direct contradictory evidence.

Where practically all the testimony as to the existence of the contract claimed and the amount due under it, was that of intervener, and defendant neither of whom was a disinterested witness, a question as to their credibility was presented which plaintiff had the right to have the jury to determine, notwithstanding the absence of direct contradictory evidence.

Appeal from Cherokee County Court; John B. Guinn, Judge.

Action by J. L. Chapman, as Commissioner of Insurance and Banking, against H. O. Bullock, in which action Douglas Bullock intervened. Judgment for plaintiff as to H. O. Bullock, but against him as to intervener, and plaintiff appeals. Reversed and remanded for new trial.

Carter & Stone, of Jacksonville, for appellant.

M. L. Lefler, of Jacksonville, for appellees.

WILLSON, C. J.    Appellant, the holder (as Commissioner of Insurance and Banking) of a promissory note for $697, interest and attorney's fees, made by appellee H. O. Bullock, payable to the order of the Farmers' Guaranty State Bank of Jacksonville, brought this suit against said appellee, and, having procured the issuance of a writ of attachment, caused same to be levied on certain cotton belonging to said appellee. Said appellee made no answer to the suit, and judgment by default was rendered against him for the amount of the note.

[1] The other appellee, Douglas Bullock, who was 17 years old, and the son of said H. O. Bullock, intervened in the suit, alleging that said H. O. Bullock was indebted to him in the sum of $205.25 for labor as a farm hand, that he had a lien on the cotton to secure the payment of said indebtedness, and that his lien was superior to that acquired by appellant by the levy of the writ of attachment. The court instructed the jury to return a verdict in the intervener's favor against appellant for said sum of $205.25. The jury did that, and more; they included in their verdict a finding that the intervener had a laborer's lien on the cotton, and that his lien was superior to that of appellant's. The court thereupon rendered judgment in the intervener's favor against appellant for $205.25, and foreclosing the lien the intervener claimed on the cotton.

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] It was error to instruct the jury as stated, and it was error to render judgment as stated on the verdict so instructed; for the intervener neither alleged nor proved facts entitling him to recover any sum of money of appellant. If the intervener was entitled to such a recovery it was against the appellee H. O. Bullock alone. The only relief he was entitled to against appellant, in any event, was to have the laborer's lien he claimed on the cotton foreclosed, the cotton sold, and the proceeds applied to the indebtedness of H. O. Bullock to him before any of same were applied to the payment of said H. O. Bullock's indebtedness to appellant. To entitle him to that relief it devolved on him to prove the contract and the terms thereof under which he alleged he labored for said H. O. Bullock as a farm hand; that said H. O. Bullock was indebted to him, and the amount thereof, for such labor; and that he had fixed a lien on the cotton by complying with the requirements of the statute. Articles 5644, 5645. 5646, Vernon's Statutes. Practically all the testimony as to the existence of the contract claimed and the amount due under the terms thereof was that of the intervener as a witness and that of said H. O. Bullock. As neither the intervener nor said H. O. Bullock were disinterested witnesses (38 Cyc. 1518), a question as to their credibility was presented (notwithstanding there was no direct testimony contradicting that they gave) which appellant had a right to have the jury to determine. Therefore it was error for the court himself to determine it, as he did in effect when he peremptorily instructed the jury to find for the intervener. Mills v. Mills (Tex. Com. App.) 228 S. W. 919; Harris v. Coach Co. (Sup.) 132 N. Y. Supp. 743.

The assignments questioning the sufficiency (for reasons stated) of the account and affidavit filed by the intervener with the county clerk September 26, 1922, for the purpose of fixing the lien he claimed, are overruled. We think the account and affidavit were a sufficient compliance with the requirements of the statute to fix a lien if the intervener had one.

The judgment is reversed, and the cause is remanded to the court below for a new trial.