## HARLAN v. FIRST STATE BANK OF STERLING CITY. (No. 3028.)

(Court of Civil of Appeals of Texas. Texarkana. March 5, 1925.)

**1. Pleading ⊜⊃111 — Evidence not conclusive that note was payable in county of maker's domicile.**

In action on note, evidence on trial of plea of privilege *held* not to conclusively show that, as originally made, it was payable in county of maker's domicile so as to require reversal of judgment against plea.

**2. Evidence ⊜⊃594—Uncontradicted testimony of maker that he intended note payable at particular place and did not strike it out not conclusive.**

In action on note, in which designated place of payment had been crossed out, and name of another city written underneath, maker's uncontradicted testimony that, while he wrote in the name of the other city, he did not strike out that originally designated, and intended note to be payable there, *held* not conclusive, since court had right to weigh testimony as to its reasonableness, and conclude that the substituted town was intended to indicate place where note was payable.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Action by the First State Bank of Sterling City against A. S. Harlan. From a judgment overruling the plea of privilege, defendant appeals. Affirmed.

───────────────────────────────
⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The suit was by appellee, the owner, against appellant, the maker, of a promissory note dated November 4, 1920, for $1,000, interest and attorney's fees, payable 12 months after its date to the order of Ben Harlan. It was commenced in Dallas county, notwithstanding appellant's domicile was in Nueces county. At a proper time appellant filed a plea complying with the requirements of the statute (article 1903, Rev. Civ. Stat. 1911, as amended April 2, 1917; Laws 1917, c. 176, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), in which he set up a right he claimed to be sued in Nueces county. In an affidavit controverting said plea appellee asserted that the note by its terms was payable at Dallas, and therefore that it was entitled to maintain the suit in Dallas county, notwithstanding appellant's domicile was in Nueces county as stated. To this appellant replied that the note he executed was not payable at Dallas, but "at the First State Bank of Bishop, Bishop, Texas," and that same had been materially altered by crossing out the words "at the First State Bank of Bishop, Bishop, Texas."

It appeared from testimony the court heard at the trial of the issue made by the controverting affidavit that in making the note appellant used a printed form as follows:

"$————.     Bishop, Texas, ————, 192—.

"———— after date, grace waived, for value received, I, we, or either of us promise to pay to the order of ————, at the First State Bank of Bishop, Bishop, Texas, ———— dollars, payable at said bank in Bishop, Texas, with interest at the rate ———— per cent. additional if placed in the hands of an attorney for collection."

In the note sued upon the words "the First State Bank of Bishop, Bishop, Texas," had been erased by pen lines drawn across them, and the words "Dallas, Texas," had been written with ink under the word "Bishop, Texas." Appellant as a witness testified that in making the note he wrote the words "Dallas, Texas" under the words "Bishop, Texas," but did not cross out nor authorize any one else to cross out the last mentioned words, nor the words "the First State Bank of Bishop." He further testified that he wrote the words "Dallas, Tex." in the note at the place thereon stated "to show the place of residence of Ben Harlan, and not the place where the note was payable," and that it was his "intention and understanding that the note was payable at the First State Bank of Bishop, Bishop, Texas."

The court having overruled appellant's plea and entered judgment accordingly, appellant prosecuted this appeal, as provided in the article of the statutes specified above.

Thompson, Knight, Baker & Harris, and Pinkney Grisson, all of Dallas, and Boone & Savage, of Corpus Christi, for appellant.

Spence, Haven, Smithdeal & Spence, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] If appellant is entitled to complain of the judgment, it is not on the ground first presented in his brief, to wit, "that the undisputed evidence showed that the note was payable in Nueces county"; for, plainly, as appears from the statement above, the evidence did not undisputedly show that.

[2] The other contention presented in said brief is that the judgment is wrong because it appeared from the testimony (appellant asserts) that the note sued upon, as written by him, and as he intended it to be, was payable in said Nueces county.

The contention, if sustainable in any view of the record, must be on the view, not that the testimony would have supported a finding that the note was payable in Nueces county, but that it conclusively appeared therefrom, that when appellant wrote the words "Dallas, Tex.," under the words "Bishop, Texas," in the note, he did not thereby intend to specify Dallas as the place where the note was to be payable; and, second, that the pen marks across the words "the First State Bank of Bishop, Bishop, Texas," were wrongfully placed there after appellant executed the note and delivered it to Ben Harlan.

We do not think either of those matters so appeared, notwithstanding the testimony of appellant as a witness (specified in the statement above) was not disputed in the testimony of any other witness. For, in weighing appellant's testimony in his own behalf, the trial court had a right to consider the reasonableness or unreasonableness thereof and his (appellant's) interest in the suit as a party thereto, and to conclude that the note was not altered after it left his hands, and that the words "Dallas, Tex.," as written therein by appellant, were intended at the time they were written to indicate the place where the note was to be payable. Mills v. Mills (Tex. Com. App.) 228 S. W. 919; Tube Co. v. Refining Co. (Tex. Civ. App.) 264 S. W. 108; Chapman v. Bullock (Tex. Civ. App.) 254 S. W. 232; Wolters v. Ins. Co. (Tex. Civ. App.) 255 S. W. 666.

If the conclusion reached is correct, the judgment, of course, ought to be affirmed, without reference to the disposition which should be made of the appeal if it conclusively appeared that the note had been altered as claimed by appellant after he delivered it to the payee thereof. Therefore we will not undertake to determine whether, in that event, the appeal ought to be otherwise disposed of or not, but content ourselves with the suggestion that it probably ought not to be, because it appeared that appellee was a holder of the note "in due course" and was

not a party to the alteration thereof. In that state of the case appellee, even if the alteration was a material one, would have had a right to have the note enforced "according to its original tenor." Article 6001-124, Vernon's Ann. Civ. Statutes 1922. Enforcing it that way, and applying the rules applicable where an ambiguous contract is partly printed and partly in writing (13 C. J. 536), and where it is written by the party against whom its enforcement is sought (13 C. J. 544, 546), the trial court probably would have had a right to construe the note as payable on its face in Dallas county. If the note might have been so construed, the fact that appellant intended to make it payable in Nueces county would not have affected appellee's right to have it enforced according to its legal effect.

The judgment is affirmed.