### HARLAN v. FIRST STATE BANK OF STERLING CITY. (No. 7553.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1926. On Motion for Rehearing May 26, 1926.)

1. **Appeal and error** ⬸773(3).

Appeal will not be dismissed for want of prosecution on appellant's failure to file brief, where appellee filed brief for investigation to assess damages for delay.

2. **Alteration of instruments** ⬸6—Drawing line through printed words specifying place of payment after execution held immaterial, where place of payment had previously been written in (Rev. St. 1925, art. 5932, § 17, par. 4).

Under Rev. St. 1925, art. 5932, § 17, par. 4, changing note after execution by drawing line through printed words providing place of payment *held* immaterial, where place of payment had been written in previously, since, even though printed word were left in, written words control.

**On Motion for Rehearing.**

3. **Costs** ⬸260(4).

To justify 10 per cent. penalty for delay under Rev. St. 1925, art. 1860, it must appear at time appeal was perfected that appellant had no reasonable ground to believe judgment would be reversed.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by the First State Bank of Sterling City against A. S. Harlan. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, and Boone & Savage, of Corpus Christi, for appellant.

J. W. Timmins and Spence, Smithdeal, Shook & Spence, all of Dallas, for appellee.

COBBS, J. [1] Appellant has filed no brief, and does not seek to prosecute the case

further, but we do not dismiss it for want of prosecution because appellee files a full brief requesting an investigation for the purpose of assessing damages. We copy appellee's statement of the case:

"The suit was by the appellee, the First State Bank of Sterling City, the owner and holder in due course, against the appellant, A. S. Harlan, the maker of a promissory note, dated November 4, 1924, for $1,000 with interest and attorney's fees, payable 12 months after its date to the order of Ben Harlan. Prior to the trial of the case on its merits the defendant filed a plea of privilege, alleging that he was a resident of Nueces county, Tex. The appellee (plaintiff) controverted the plea of privilege, and alleged that the note was payable in Dallas, Tex., and that venue was therefore properly laid in Dallas county. A hearing was had on the plea of privilege, and the same was overruled. The appellant took an appeal to the Court of Civil Appeals, which court affirmed the judgment of the lower court. See Harlan v. First State Bank (Tex. Civ. App.) 270 S. W. 895.

"The case was then tried on its merits. The plaintiff declared in the usual form on a promissory note. The defendant denied the execution of the note, and, in the alternative, that if it be found that a note was signed by the defendant that it had been materially altered after it was signed, and executed by the defendant and delivered without the knowledge and consent of the defendant. The plaintiff alleged it was a holder in due course, and that the note was complete and regular upon its face when the same came into its possession, and that it became a holder of the note before it was past due and took the same in good faith and for value, and that the plaintiff at the time of acquiring said note had no notice of any change or alteration of any kind in said note. The trial was to a jury, and the court instructed the jury to find for the plaintiff for the sum of $1,450.07, from which judgment the defendant has prosecuted this appeal."

Appellee asks that this case be affirmed, with 10 per cent. damages for delay.

This is an appeal from a judgment on a note owned by appellee, acquired during due course of trade, and the only material question in the case was as to venue. That question has been adversely determined against appellant by the trial court and the Court of Civil Appeals. Harlan v. First State Bank (Tex. Civ. App.) 270 S. W. 895.

[2] The evidence in the trial on the merits was undisputed. It is true that appellant alleged that he did not execute the note. This allegation was sworn to by appellant's attorney. Appellant's testimony shows that he not only signed the note, but in his own handwriting he made written changes in the printed form. The only change in the note which he does not admit that he made is the drawing of a line through the printed words, "First State Bank of Bishop, Bishop, Texas." It is elementary that, where a part of an instrument is printed and a part written, the written provisions control. Article 5932, §

17, par. 4, Revised Statutes 1925. It is immaterial, therefore, whether a line was drawn through these printed words or not. Even if they had been left in, under the article above cited, the written words would have controlled, and the note would have been payable at Dallas, Tex.

The appeal is wholly without merit. It shows no fundamental error committed, and seemingly it is for delay. We therefore affirm the judgment of the trial court, and so reform it as to assess the 10 per cent. penalty prescribed by article 1860 of the R. S. of 1925.

Judgment affirmed, with 10 per cent. penalty assessed.

### On Motion for Rehearing.

Appellant now, in his motion for a rehearing, for the first time discusses the case and thereby is of assistance in the solution thereof. From the statement made therein and a reference to the record we are convinced that the appeal was not taken only for delay.

[3] Yet, appellant in the first instance did not undertake to answer appellee's brief and ignored the request for damages. Of course, as said in Texas Furniture & Trading Co. v. Melott (Tex. Civ. App.) 136 S. W. 541, to justify the infliction of the 10 per cent. penalty for delay, it should be made to appear at the time the appeal was perfected that appellant had no reasonable ground to believe that the judgment should be reversed.

The fact that appellee filed a brief and urged the affirmance of the judgment left no good reason for us to dismiss the case for want of prosecution.

Appellant concedes that the judgment of the trial court should be affirmed, but moves that the judgment of this court be modified so as to eliminate the assessment of 10 per cent. damages for delay. Upon consideration we conclude that the motion should be granted, and it is so ordered.